IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL C. DAVIS,

        Plaintiff,

  v.

AMTRAK,

        Defendant.

                                             /

No. CV 12-03976

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR MOTION FOR A MORE DEFINITE STATEMENT**

Defendant National Railroad Passenger Corp. ("Amtrak")[1] has filed a motion to dismiss *pro se* plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, or alternatively, for a more definite statement under Federal Rule of Civil Procedure 12(e). Plaintiff has filed various documents in response, see Docket Nos. 26, 29, 30, and Amtrak has filed a reply. The Court held a hearing on Amtrak's motion on June 21, 2013, at which plaintiff was present and defendant's counsel appeared by telephone. Having considered the parties' arguments, the Court DENIES defendant's motion to dismiss or for a more definite statement, for the reasons discussed below.

**DISCUSSION**

**1.    Motion to Dismiss for Failure to State a Claim**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

---

[1] Erroneously sued as "Amtrack," the National Railroad Passenger Corp. is a federally chartered corporation of which the United States owns more than 50 percent of the capital stock, and therefore the court has original jurisdiction. 28 U.S.C. § 1349; *Rodriguez v. County of Stanislaus*, 2008 WL 4765110, *8 (E.D. Cal. 2008).

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Taking all of plaintiff's filings together, it is apparent that plaintiff purchased a ticket from Amtrak to travel from Tacoma, Washington, to Emeryville, California on June 28, 2012. *See* Docket No. 26. Plaintiff alleges that he checked his luggage in Tacoma, traveled to Emeryville, and upon arrival in Emeryville, he went to claim his luggage only to find that "it wasn't there." Amend. Compl. (Docket No. 14). Plaintiff alleges that he showed an Amtrak employee his claim check and inquired about his luggage in person on the day he arrived, and the following day. *Id.* He also alleges that he filed a claim with Amtrak to locate his luggage. *Id.* He attached a partly illegible "Baggage and Express Tracing" form, which notes that a claim for his lost luggage was sent to "CCSC" on July 5, 2012, within a week of his initial travel. *Id.* Plaintiff further alleges that the lost of his luggage caused him enormous hardship because it contained three months of medications for his high blood pressure, arthritis, and seizure condition, in addition to other items. Plaintiff seeks compensatory and punitive damages against Amtrak.

Defendant contends that plaintiff's complaint should be dismissed because it lacks "any factual basis for how Amtrak lost his luggage" or any allegations as to why be believes Amtrak lost it "as opposed to a non-Amtrak employee stealing it." Mot. at 3. Defendant further alleges that plaintiff fails to identify "what legal duty Amtrak owed to plaintiff to prevent his luggage from being lost of stolen, and how such a duty was breached." *Id.*

The Court disagrees. *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica*

2

*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Here, it appears from plaintiff's filings that his main allegation is that Amtrak negligently lost his luggage.[2] Under California law, the elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury. *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 1339 (1998) (citation omitted). Plaintiff alleges that he checked his luggage with Amtrak as part of his trip, presumably giving rise to a duty on Amtrak's part not to lose that luggage. Plaintiff further alleges that Amtrak breached that duty, that he was harmed by that breach, and that he has not been compensated.

Alternatively, plaintiff's allegations may also be understood to allege a breach of contract. Under California law, to state a cause of action for breach of contract a plaintiff must plead: "the contract, plaintiffs' performance (or excuse for nonperformance), defendant's breach, and damage to plaintiff therefrom." *Gautier v. General Tel. Co.*, 234 Cal. App. 2d 302, 305 (1965). Here, plaintiff has attached his boarding pass (Docket No. 26) and a claim form, presumably to evidence the existence of an agreement between he and Amtrak to transport his luggage. Plaintiff alleges that Amtrak failed to keep its end of the bargain and as a result, he suffered greatly due to the loss of medications and other items.

Accordingly, the Court DENIES defendant's motion to dismiss plaintiff's complaint because the Court finds that plaintiff has sufficiently alleged negligence and/or breach of contract.

### 2.    Motion for a More Definite Statement

Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement of a pleading this is "so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion should be considered in light of the liberal pleading standards of Rule 8(a). *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (*citing Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("Motions for a more definite statement are

---

[2] Federal district courts have federal question jurisdiction over state law claims in which Amtrak is a defendant. *See Hollus v. Amtrak Northeast* Corridor, 937 F. Supp. 1110, 1114 (D.N.J. 1996). In addition, at the June 21, 2013 hearing Amtrak's counsel informed the Court that it was not aware of any federal law or statute that would prohibit such a lawsuit against Amtrak.

viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules.")).

A Rule 12(e) motion should be granted when the complaint is so vague that the defendant cannot discern the nature of the plaintiff's claims and thus cannot frame a response. *See Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981); *Boxall v. Sequoia Union High Sch. Dist.*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979). If the complaint notifies the defendant of the substance of the plaintiff's claim, a 12(e) motion should not be granted. *San Bernardino Pub. Employees Ass'n v. Stout*, 946 F. Supp. 790, 804 (C.D. Cal. 1996) ("A motion for a more definite statement is used to attack unintelligibility, not mere lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her."). A 12(e) motion should also be denied if the detail sought is obtainable through discovery. *Davison v. Santa Barbara High Sch. Dist.*, 48 F. Supp. 2d 1225, 1228 (C.D. Cal. 1998).

Defendant contends that plaintiff's complaint is too bare to enable defendant to fully and properly respond. The Court again disagrees. As discussed, plaintiff's filings provide Amtrak with sufficient notice of the substance of plaintiff's claim or claims – that Amtrak may be liable in tort or contract for breaching its duty to transport plaintiff's luggage. Accordingly, the Court DENIES defendant's motion for a more definite statement.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES defendant's motion to dismiss for failure to state a claim and DENIES defendant's motion for a more definite statement. Defendant shall respond to plaintiff's complaint **within 10 days of this Order**. Defendant's counsel is also ordered to appear in person at the July 12, 2013 status conference. This Order resolves Docket Nos. 22, 26, 29,[3] and 30.

**IT IS SO ORDERED.**

Dated: June 21, 2013

SUSAN ILLSTON
United States District Judge

---

[3] There Court DENIES plaintiff's request for Court-appointed counsel.

4